UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES PATTERSON,<br>   Plaintiff,<br><br>vs.<br><br>WILLIAM WORKMAN and<br>DAVID FITT,<br>   Defendants | Case No. 22-1241 |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a *pro se* prisoner, has identified two Defendants: Judge William Workman and States Attorney David Fitt. Plaintiff says he posted bond in a McLean County Criminal Case, *People v. Patterson*, Case No. 2021 CF 1064, but he went to the Illinois Department of Corrections for an unspecified time due to a parole hold. After he was released, Plaintiff claims he had 30 days to obtain a job and hire an attorney.

After about three and a half weeks, Plaintiff says he spoke with an attorney and reached an agreement "to settle the case." (Comp, p. 5). It appears Plaintiff instead means the two reached an agreement to have the attorney, Brad Popurella, represent Plaintiff.

Plaintiff informed the attorney he would provide the required down payment, and the attorney stated he would notify the court he would be representing Plaintiff in Case No. 2021CF 1064.

However, Attorney Popurella told Plaintiff McLean County States Attorney Fitt and Judge Workman objected to his representation and "denied & rejected" Attorney Popurella's "request." (Comp, p. 6). Plaintiff claims violates his constitutional right "to hire private counsel for representation." (Comp, p. 6). Plaintiff does not provide any time frame for his allegations. Instead, he has filled in the "date of occurrence" as May 17, 2022. (Comp., p. 5).

The Court takes judicial notice of McLean Count Criminal Case, *People v. Patterson*, Case No. 2021 CF 1064, in McLean County, Illinois.[1] Plaintiff was arraigned on October 10, 2021. Various status hearings were held. A bench trial and jury trial setting were set and vacated. On March 28, 2022, a bench trial was held, and it was continued on March 28, 2022. A status hearing was held on April 19, 2022, and an additional bench trial setting was scheduled for May 17, 2022, the date Plaintiff has

---

[1] MCLEAN COUNTY GOVERNMENT, Court Records, https://publicaccess.mcleancountyil.gov/PubAC_Court_CasesCriminal.aspx, (last visited Oct. 31, 2022)

2

listed in his complaint. However, on May 17, 2022, the docket indicates Plaintiff failed to appear. Plaintiff did not return to custody until June 9, 2022, and the bench trial was completed on August 12, 2022. Sentencing occurred on October 25, 2022.

There are several problems with Plaintiff's complaint. First, the Sixth Amendment to the Constitution provides a criminal defendant has the right to the assistance of counsel. *See* U.S. Const. amend. VI. However, Plaintiff does not allege he was denied the right to have an attorney, nor that he had paid and hired a private attorney, nor that the private attorney ever entered an appearance on Plaintiff's behalf.

Second, the only date Plaintiff has included in his complaint is May 17, 2022. It appears from the docket Plaintiff was already in the middle of his bench trial. Plaintiff was required to appear for his court hearing on this date whether or not he had the attorney of his choice.

Third, a judge is entitled to absolute immunity so long as his acts are within his jurisdiction and performed in his judicial capacity. *See Stump v. Sparkman*, 435 U.S. 349, 356-7 (1978)( "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction.")(internal quotation marks omitted). Judge Workman was acting within his judicial capacity in presiding over Plaintiff's criminal case.

Fourth, while a prosecutor such as the State's Attorney might object to a new attorney entering a case in the midst of trial, only a judge could consider and rule on any motion in a criminal case. The court also notes prosecutors are also immune when carrying out prosecutorial functions. *See Imbler v. Pachtman*, 424 U.S. 409, 427-28(1979) (holding prosecutors have absolute immunity for activities that are "intimately associated" with the judicial process).

Plaintiff has failed to articulate a violation of his constitutional rights and the Court does not believe Plaintiff could cure the noted deficiencies if given leave to amend.

IT IS THEREFORE ORDERED:

1) The Plaintiff's complaint is dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. Section 1915A. This case is closed.

2) This dismissal shall count as one of the Plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g). The clerk of the court is directed to record the Plaintiff's strike in the three-strike log.

3) If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST set forth the issues the Plaintiff

plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

Entered this 4th day of November, 2022.

s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE